UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Kerry Brown and Krushial K. Productions,<br>        *Plaintiffs,*<br><br>vs.<br><br>Roc Nation, Lenny Santiago, Sony Music Entertainment Digital LLC, and Blac Noise Recordings LLC,<br>        *Defendants*. | Civil Action No. 4:23-cv-01508<br><br>District Judge George C. Hanks, Jr.<br><br>Magistrate Judge Andrew M. Edison |

**DEFENDANT SONY MUSIC ENTERTAINMENT DIGITAL LLC'S RULE
12(b)(6) MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant Sony Music Entertainment Digital LLC ("SMED") respectfully submits

this Motion to Dismiss plaintiffs Kerry Brown and Krushial K. Productions' ("Plaintiffs")

Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1]     On August 7, 2023, the Court granted SMED's request to file the instant Motion.
ECF No. 22.

# TABLE OF CONTENTS

**Page**

1. SUMMARY OF THE ARGUMENT .................................................................. 1

2. NATURE AND STAGE OF PROCEEDING ...................................................... 2

3. STATEMENT OF THE ISSUES ....................................................................... 2

4. THE STANDARD OF REVIEW APPLICABLE TO ALL ISSUES ................... 3

5. SUMMARY OF PLAINTIFFS' ALLEGATIONS ............................................. 4

    (a)    Plaintiffs Allegedly Shared "Samples" of "Instrumentals" with Lenny Santiago, a Vice President at Roc Nation ............................................... 4

    (b)    Plaintiffs' Allegations of Infringement ........................................... 4

        (1)    *Plain Jane* ................................................................................ 5

        (2)    *F.N.F.* ...................................................................................... 6

6. ARGUMENT ................................................................................................... 6

    (a)    Plaintiffs Fail to State a Claim Regarding *Plain Jane* ................... 6

        (1)    Plaintiffs' Allegations of Similarity Rather than Copying of Actual Sounds Defeat Plaintiffs' Claims Regarding *Plain Jane* ....... 6

            i.     Section 114(b) Bars Claims Against Sound Recordings That Merely Sound Similar to Other Sound Recordings ........ 6

            ii.    Section 114(b) Bars Plaintiffs' *Plain Jane* Claims ................. 9

        (2)    In Addition, Plaintiffs Fail to Plead That the Creators of *Plain Jane* Had Access to Plaintiffs' Beat ................................................. 10

            i.     The Requirement That Access Be Pleaded ........................... 10

            ii.    Plaintiffs' Speculation Is Insufficient to Plead Access ......... 12

    (b)    Plaintiffs Also Fail to State a Claim Against SMED Regarding *F.N.F.* ..... 13

        (1)    Plaintiffs Do Not Allege That SMED Has Anything to Do With *F.N.F.* ........................................................................................ 13

        (2)    Plaintiffs Also Fail to Plead That the Creators of *F.N.F.* Had Access to Plaintiffs' Beat ................................................................. 15

7. CONCLUSION ............................................................................................... 15

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acuna v. TDCJ Van Drivers*,
    No. 5:20cv185, 2022 WL 2162927 (E.D. Tex. Jan. 25, 2022) ..................................... 4

*ADR Int'l Ltd. v. Institute for Supply Mgmt. Inc.*,
    -- F. Supp. 3d --, 2023 WL 2719446 (S.D. Tex., Mar. 30, 2023) ......................... 13, 14

*Architettura, Inc. v. DSGN Assocs., Inc.*,
    No. 3:16-CV-S, 2018 WL 3575878 (N.D. Tex. July 25, 2018) ................................. 14

*Armour v. Knowles*,
    512 F.3d 147 (5th Cir. 2007) .............................................................................. 11, 13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................. 3

*Atkinson v. Netflix, Inc.*,
    No. 5:21-CV-00079-RWS, 2022 WL 2899275 (E.D. Tex., May 18,
    2022) ................................................................................................................. 11, 12

*Bank of Am., N.A. v. Knight*,
    725 F.3d 815 (7th Cir. 2013) ................................................................................... 3

*Batiste v. Lewis*,
    976 F.3d 493 (5th Cir. 2020) ....................................................... 6, 7, 9, 10, 12

*Batiste v. Lewis*,
    No. 17-4435, 2018 WL 2268173 (E.D. La. May 17, 2018) ....................................... 11

*Batiste v. Najm*,
    28 F. Supp. 3d 595 (E.D. La. 2014) .......................................................................... 7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................. 3

*BTE v. Bonnecaze*,
    43 F. Supp. 2d 619 (E.D. La. 1999) .......................................................................... 7

*Evans v. NBCUniversal Media, LLC*,
    No. CV 21-0984-CBM-PD(x), 2021 WL 4513639 (C.D. Cal. Sept. 30,
    2021) ...................................................................................................................... 12

*Griffin v. J-Records*,
    398 F. Supp. 2d 1137 (E.D. Wash. 2005) ................................................................. 10

*Jordan v. Sony BMG Music Entm't Inc.*,
    354 Fed. Appx. 942 (5th Cir. 2009) ........................................................................... 6

*Martinez v. City of N. Richland Hills*,
    846 Fed. Appx. 238 (5th Cir. 2021) ........................................................................... 3

*Positive Black Talk Inc. v. Cash Money Records, Inc.*,
    394 F.3d 357 (5th Cir. 2004) ................................................................................... 10

*Romantics v. Activision Pub., Inc.*,
    574 F. Supp. 2d 758 (E.D. Mich. 2008) ..................................................................... 9

*Springboards to Educ., Inc. v. Kipp Found.*,
    No. 3:16-CV-2436, 2017 WL 3917701 (N.D. Tex. Sept. 7, 2017) ............................ 14

*Vient v. APG Media*,
    No. ELH-18-3862, 2019 WL 2250576 (D. Md. May 24, 2019) ................................... 5

*VMG Salsoul, LLC v. Ciccone*,
    824 F.3d 871 (9th Cir. 2016) ..................................................................................... 9

*White-Smith Music Publ'g v. Apollo Co.*,
    209 U.S. 1 (1908) ..................................................................................................... 8

*Zany Toys, LLC v. Pearl Enters., LLC*,
    No. 13-5262, 2014 WL 2168415 (D.N.J. May 23, 2014) ......................................... 10

## Statutes

17 U.S.C.
    § 101 ......................................................................................................................... 7
    § 102(a) ..................................................................................................................... 6
    § 106(3) ..................................................................................................................... 8
    § 114(b) ......................................................................................................... 2, 6, 7, 8, 9

## Rules

Federal Rules of Civil Procedure
    8(a)(2) ..................................................................................................................... 13
    12(b)(6) ..................................................................................................................... 3

**Treatises**

M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT (2023) ........................................ 8, 10

1.     **SUMMARY OF THE ARGUMENT**

In their Amended Complaint, Plaintiffs allege that they produce "musical styles" and that in 2015 they shared sixteen to thirty "samples" of recorded "Instrumentals" with a representative of defendant Roc Nation.  Plaintiffs claim that two recordings, *Plain Jane* and *F.N.F.*, infringe sound recording copyrights that Plaintiffs registered in two of their recorded "Instrumentals."  But despite amending their Complaint, Plaintiffs still fail to state a claim against SMED.

First, Plaintiffs allege that sometime in 2017 SMED distributed *Plain Jane* and that *Plain Jane* includes a recorded beat—*i.e.*, instrumental or other background elements, which, by adding melody and lyrics, may be used to prepare a completed musical work— that has "similarities" to a beat in one of Plaintiffs' recorded "Instrumentals."  But, by statute, sound recording copyrights protect only against the incorporation of the recordings' actual sounds.  As a result, sound recording copyrights are not infringed by a work that sounds similar to another sound recording rather than recapturing its actual recorded sounds, which Plaintiffs do not allege.  Simply put, Plaintiffs' allegations negate their claim that *Plain Jane* infringes their sound recording copyright.

Second, Plaintiffs' *Plain Jane* claims also fail for the independent reason that, despite amending their Complaint, Plaintiffs still fail to plausibly allege that anyone involved with *Plain Jane* had a reasonable opportunity to copy Plaintiffs' beat.  Plaintiffs do not allege that they submitted their beat to SMED, or to the recording artist, record producer, or anyone else involved in the creation of *Plain Jane*.  Instead, Plaintiffs merely speculate that since Mr. Brown shared "samples" of the "Instrumentals" with Roc Nation's

1

representative (defendant Lenny Santiago), Plaintiffs' beat might have somehow made its way to *Plain Jane*'s alleged record producer (Kirk Knight) because, Plaintiffs allege, Mr. Santiago and Mr. Knight are prominent figures in the music industry.  For this additional reason, Plaintiffs fail to state a claim as to *Plain Jane*.

Finally, Plaintiffs also allege that in 2022 defendant Blac Noize Recordings LLC ("Blac Noize") produced *F.N.F.* and, in doing so, sampled one of Plaintiffs' beats.  But Plaintiffs, despite amending their Complaint, still fail to allege any connection between SMED and *F.N.F.*  Absent an infringing act by SMED, Fifth Circuit law mandates that Plaintiffs' *F.N.F.* claims be dismissed as to SMED.  In addition, Plaintiffs also fail to allege that the creators of *F.N.F.* had a reasonable opportunity to copy Plaintiffs' beat.

SMED respectfully submits that its Motion should be granted.

## 2.    NATURE AND STAGE OF PROCEEDING

On April 24, 2023, Plaintiffs filed this action against four defendants, including SMED, alleging infringement of two sound recording copyrights.  After counsel conferred regarding defects in Plaintiffs' Complaint, Plaintiffs voluntarily filed an amended complaint ("FAC") on July 10, 2023.  ECF No. 16.  Because the defects have not been cured, SMED now moves to dismiss Plaintiffs' FAC.

## 3.    STATEMENT OF THE ISSUES

Issue 1:  Are Plaintiffs' infringement claims pertaining to *Plain Jane* foreclosed by the limitations on sound recording copyrights set forth in 17 U.S.C. § 114(b)?

Issue 2: Have Plaintiffs failed to plausibly allege that the creators of *Plain Jane* had access to Plaintiffs' beat?

2

Issue 3:  With respect to *F.N.F.*, have Plaintiffs failed to plead sufficient facts to establish a claim against SMED in particular?

Issue 4: Have Plaintiffs failed to plausibly allege that the creators of *F.N.F* had access to Plaintiffs' beat?

## 4.   <u>THE STANDARD OF REVIEW APPLICABLE TO ALL ISSUES</u>

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a pleading for "failure to state a claim upon which relief can be granted."  To overcome a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff must provide enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Twombly*, 550 U.S. 544). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level" and the Court need not "accept as true a legal conclusion couched as a factual allegation." *Id.* (citation and quotations omitted).

Furthermore, "liability is personal. . . .  The Rules of Civil Procedure set up a system of notice pleading [where e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013); *accord Martinez v. City of N. Richland Hills*, 846 Fed. Appx. 238, 243 (5th Cir. 2021);

*Acuna v. TDCJ Van Drivers*, No. 5:20cv185, 2022 WL 2162927 at *5 (E.D. Tex. Jan. 25, 2022).

5.    **<u>SUMMARY OF PLAINTIFFS' ALLEGATIONS</u>**

    (a)   **Plaintiffs Allegedly Shared "Samples" of "Instrumentals" with Lenny Santiago, a Vice President at Roc Nation**

Plaintiff Kerry Brown is allegedly the managing member of plaintiff Krushial K. Productions, a "music boutique specializing in producing distinctive musical styles." FAC at 3 ¶ 12. Mr. Brown is the alleged owner of sound recording copyrights in the works titled (a) "You Don't Know Nothing About Me," and (b) "'AUDIOBOX Instrumentals,' including the track titled 'Down South Gangsters.'" FAC at 4 ¶ 14, 5 ¶ 19, Exs. 1-2.

Plaintiffs do not allege that these sound recordings have been published or disseminated publicly in any way. Instead, Plaintiffs allege that at a 2015 conference in Houston, Texas, Mr. Brown met and "shared approximately 16-30 samples of [his] Instrumentals" with defendant Lenny Santiago, a Vice President of defendant Roc Nation. *Id.* at 3 ¶¶ 12-13. They also allege that Mr. Santiago did not express interest in the samples. *Id.* at 4 ¶ 13. Plaintiffs nevertheless speculate that, at some unspecified time and place, Mr. Santiago might have shared Plaintiffs' allegedly infringed beat with Kirk Knight, the alleged producer of the recording *Plain Jane*, but as discussed below, their speculation is unsupported by any nonconclusory allegations. *Id.* at 4-5 ¶ 18; *see* below at 10-13.

    (b)   **Plaintiffs' Allegations of Infringement**

Plaintiffs assert three counts of copyright infringement, each alleging that *Plain Jane* violates exclusive rights in the "You Don't Know Nothing About Me" sound

recording copyright and that *F.N.F.* violates exclusive rights in the "Down South Gangsters" sound recording copyright.  FAC at 6-12 ¶¶ 25-63.  However, Plaintiffs' claims as to *Plain Jane* and *F.N.F.* involve separate copyrighted works, separate allegedly infringing works, separate parties, and separate factual allegations.   Accordingly, Plaintiffs' claims as to *Plain Jane* and *F.N.F.* are properly viewed and analyzed as separate claims, independent from one another.  *See, e.g.*, *Vient v. APG Media*, No. ELH-18-3862, 2019 WL 2250576 at *8 (D. Md. May 24, 2019) (dismissing claim as to one allegedly infringing work but permitting claim to proceed as to another allegedly infringing work).

### (1) *Plain Jane*

Plaintiffs allege that their sound recording copyright in "You Don't Know Nothing About Me" is infringed by the 2017 recording, *Plain Jane*, by non-party recording artist A$AP Ferg and produced by non-party Mr. Knight.  FAC at 4 ¶¶ 16-17, Ex. 1.  Specifically, Plaintiffs allege that an unidentified non-party's "'Drums and Ghost Piano' beat" allegedly embodied in *Plain Jane* "b[ears] similarities to [plaintiff] Brown's own beat titled 'Drums & Glass Violin'" within Plaintiffs' "You Don't Know Nothing About Me" sound recording.  *Id.* at 4 ¶ 17.

Plaintiffs allege that SMED "primarily focuses on the digital aspects of the music industry" and "is actively involved in distributing, promoting, and monetizing artists' music."  *Id.* at 4 ¶ 15.  Plaintiffs apparently seek to hold SMED liable for infringement of "You Don't Know Nothing About Me" on the grounds that SMED "distributed and promoted" *Plain Jane*.  *Id.* at 4 ¶ 17.

(2)     *F.N.F.*

The work that Plaintiffs allege infringes their sound recording copyright in "Down South Gangsters" is the 2022 recording *F.N.F.*, by non-party recording artists Hitkidd & GloRilla and produced by defendant Blac Noize.  FAC at 5 ¶ 20.  Plaintiffs allege that *F.N.F.* samples a beat that occurs in Plaintiffs' "Down South Gangsters" sound recording. *Id.*  Notably, however, Plaintiffs do not allege that SMED distributed or promoted *F.N.F.*, nor do Plaintiffs identify any other connection between SMED and that recording.

## 6.    <u>ARGUMENT</u>

### (a)     Plaintiffs Fail to State a Claim Regarding *Plain Jane*

#### (1)     Plaintiffs' Allegations of Similarity Rather than Copying of Actual Sounds Defeat Plaintiffs' Claims Regarding *Plain Jane*

Plaintiffs' claims that *Plain Jane* infringes Plaintiffs' sound recording copyright in "You Don't Know Nothing About Me" fail because, under 17 U.S.C. § 114(b), a sound recording copyright does not prevent others from making sound recordings that sound similar to, but do not incorporate the *actual sounds of*, the copyrighted sound recording. And that is what Plaintiffs allege has occurred here.

##### i.     Section 114(b) Bars Claims Against Sound Recordings That Merely Sound Similar to Other Sound Recordings

There are "two distinct copyrights" in recordings of musical works: one in the musical composition that is embodied in the sound recording, and one in the sound recording itself.  *Batiste v. Lewis*, 976 F.3d 493, 505 (5th Cir. 2020); *see* 17 U.S.C. § 102(a)(2), (7); *see also, e.g.*, *Jordan v. Sony BMG Music Entm't Inc.*, 354 Fed. Appx. 942, 947-48 (5th Cir. 2009).  A musical composition copyright, on the one hand, protects

"the generic sound that would necessarily result from any performance of the piece." *Batiste*, 976 F.3d at 505 (quoting *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1249 (C.D. Cal. 2002)).    Infringement claims involving musical compositions often involve a comparison of compositional elements.  *See, e.g.*, *Batiste v. Najm*, 28 F. Supp. 3d 595, 615-16 (E.D. La. 2014) (analyzing musical composition infringement claims and dismissing claims based on unprotectible similarity in "beat").  Plaintiffs do not claim to own, or sue for the infringement of, any registered musical composition copyrights, let alone identify any similarities supporting such a claim.

A sound recording copyright, on the other hand, "do[es] not extend to the song itself."  *BTE v. Bonnecaze*, 43 F. Supp. 2d 619, 628 (E.D. La. 1999).  Rather, it protects "the aggregation of sounds captured in a recording of a particular performance.'"  *Batiste*, 976 F.3d at 505; *see also* Copyright Office Compendium § 802.8(A)-(B).  Thus, Section 114(b) of the Copyright Act expressly limits a sound recording copyright owner's exclusive rights to the "***actual sounds*** fixed in the sound recording":

> The exclusive right of the owner of copyright in a sound recording
>
> under clause (1) of section 106 is limited to the right to duplicate the
>
> sound recording in the form of phonorecords or copies that directly or
>
> indirectly recapture the actual sounds fixed in the recording.[2] The

---

[2]    "Phonorecords" are "material objects in which sounds, other than those accompanying a motion picture or other audiovisual work, are fixed by any method now known or later developed[.]"  17 U.S.C. § 101 (definition of "phonorecords").  "Copies" of a sound recording, by contrast, include "material objects, other than phonorecords, in which the [sound recording] is fixed," *e.g.*, a motion picture or other audiovisual work that

exclusive right of the owner of copyright in a sound recording under clause (2) of section 106 is limited to the right to prepare a derivative work in which the actual sounds fixed in the sound recording are rearranged, remixed, or otherwise altered in sequence or quality.

17 U.S.C. § 114(b).

Section 114(b) confirms this limitation by providing that the exclusive rights conferred by a sound recording copyright "do not extend to the making or duplication of another sound recording that consists entirely of an independent fixation of other sounds, even though such sounds imitate or simulate those in the copyrighted sound recording." *Id.* And, as a result, a sound recording copyright owner also has no right to prevent the distribution of sound recordings that imitate, but do not include the actual sounds of, a copyrighted sound recording, because those sound recordings are not "copies or phonorecords of the copyrighted work."  17 U.S.C. §§ 106(3), 114(b); *see also* 2 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 8.13[C][3][a] (2023); *id.* § 8.05[A] ("If the distribution is actionable, it can be so only because that which is distributed is itself infringing.").

Thus, while a defendant "infringes a copyrighted sound recording by sampling 'all or any substantial portion of the actual sounds' from that recording," there is no

---

incorporates a sound recording's sounds.  *Id.*  (definition of "copies").  The distinction arises from an early Supreme Court decision finding that piano rolls—perforated paper rolls used in player pianos to play musical compositions—are mechanical devices and not "copies" of the musical compositions within the meaning of the Copyright Act.  *See White-Smith Music Publ'g v. Apollo Co.*, 209 U.S. 1, 17-18 (1908).  The distinction is not relevant to this Motion.

infringement of a sound recording copyright when a defendant creates an independent sound recording, "even if [the defendant] deliberately sets out to simulate [the plaintiff's] performance as exactly as possible."  *Batiste*, 976 F.3d at 505 (quoting H.R. Rep. No. 94-1476 at 106 (1976)); *see also, e.g.*, *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 883 (9th Cir. 2016) ("if a band played and recorded its own version of Love Break in a way that sounded very similar to the copyrighted recording of Love Break, then there would be no infringement so long as there was no actual copying of the recorded Love Break").  In short, Section 114(b) "expressly disallows any recourse for a sound-alike recording of a song." *Romantics v. Activision Pub., Inc.*, 574 F. Supp. 2d 758, 768 (E.D. Mich. 2008) (emphasis added).

### ii.    Section 114(b) Bars Plaintiffs' *Plain Jane* Claims

Here, Plaintiffs allege that *Plain Jane* "sample[s]" a "'Drums and Ghost Piano' beat" (FAC at 4 ¶ 17), but critically, Plaintiffs do not claim to own or have any copyright registration for that beat.  Instead, Plaintiffs allege that the "'Drums and Ghost Piano' beat" allegedly embodied in *Plain Jane*—which beat is not owned by Plaintiffs—"**b[ears] similarities** to Mr. Brown's own beat titled 'Drums & Glass Violin' within his copyrighted sound recording 'You Don't Know Nothing About Me.'" *Id.* (emphasis added).  That is, Plaintiffs allege that a beat supposedly embodied in *Plain Jane* is similar to Plaintiffs' own beat, not that *Plain Jane* incorporates **actual sounds** in Plaintiffs' sound recording.

Plaintiffs' claim is therefore barred under Section 114(b).  *See, e.g.*, *Batiste*, 976 F.3d at 506 (plaintiff failed to establish factual copying element of infringement claim where plaintiff could not show that defendants digitally sampled his sound recording);

*Griffin v. J-Records*, 398 F. Supp. 2d 1137, 1143 (E.D. Wash. 2005) (similar; explaining that each independent fixation of sounds is copyrightable, "regardless of how similar it sounds to its predecessor fixations"); *Zany Toys, LLC v. Pearl Enters., LLC*, No. 13-5262, 2014 WL 2168415 at *12 (D.N.J. May 23, 2014) (dismissing complaint for failing to allege duplication of actual sounds from, rather than mere imitations of, plaintiff's sound recordings).

Plaintiffs' own allegations negate their claims that *Plain Jane* infringes their sound recording copyright and, for that reason alone, their *Plain Jane* clams are properly dismissed.

### (2) In Addition, Plaintiffs Fail to Plead That the Creators of *Plain Jane* Had Access to Plaintiffs' Beat

An independent defect in Plaintiffs' *Plain Jane* claims is that they fail to plausibly allege that the creators of *Plain Jane* had a reasonable opportunity to copy Plaintiffs' beat.

#### i. The Requirement That Access Be Pleaded

A copyright infringement claim requires plausibly pleading, among other elements, that copying in fact occurred. *See, e.g.*, *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 367-68 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *Batiste*, 976 F.3d at 501-02. That is so because, "absent copying, there can be no infringement of copyright, regardless of the extent of similarity." 2 NIMMER ON COPYRIGHT § 8.01[A] (footnote omitted).

A plaintiff must establish both "'factual' copying and 'actionable' copying." *Batiste*, 976 F.3d at 502. Factual copying requires proof that the defendant "actually used

the [plaintiff's] copyrighted material to create his own work." *Id.* Factual copying can be shown either through "direct evidence of copying, which is hard to come by," or by raising an "inference … from '(1) proof that the defendant had access to the copyrighted work prior to the creation of the work and (2) probative similarity.'" *Id.* (citations omitted).[3]

In the copyright infringement context, "access" means that "'the person who created the allegedly infringing work had a reasonable opportunity to view the copyrighted work' before creating the infringing work." *Armour v. Knowles*, 512 F.3d 147, 152-53 (5th Cir. 2007). "[A] bare possibility of access will not suffice; neither will a finding of access based on speculation and conjecture." *Id.* at 153. Even "[a]t the motion to dismiss phase, such a reasonable opportunity … must be plausible and cannot be grounded in speculation." *Atkinson v. Netflix, Inc.*, No. 5:21-CV-00079-RWS, 2022 WL 2899275 at *4 (E.D. Tex., May 18, 2022) (citing *Twombly*, 550 U.S. at 555). "Reasoning that amounts to nothing more than a 'tortuous chain of hypothetical transmittals' is insufficient to infer access." *Armour*, 512 F.3d at 153.

Applying these established principles, Plaintiffs fail to plead that anyone involved in the creation of *Plain Jane* had access to Plaintiffs' beat.

---

[3]     Absent access, an inference of factual copying may be shown by "striking similarity," a "'stringent' standard [which] requires that the works be so similar that "the similarity could only be explained by actual copying." *Batiste v. Lewis*, No. 17-4435, 2018 WL 2268173 at *3 (E.D. La. May 17, 2018) (quoting *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1039 (5th Cir. 2015)). Plaintiffs do not allege striking similarity, nor could they in good faith do so.

### ii.     Plaintiffs' Speculation Is Insufficient to Plead Access

While copyright plaintiffs sometimes attempt to establish access by alleging that their work is widely available in a relevant market (*see, e.g.*, *Batiste*, 976 F.3d at 503), Plaintiffs here have not alleged that their sound recordings have been published anywhere, and the copyright registrations identify the works as unpublished.  *See* FAC Exs. 1-2. Instead, Plaintiffs rely solely on their allegations that in 2015 they shared "approximately 16-30 samples of the Instrumentals" with Mr. Santiago, a Roc Nation Vice President (*see id.* at 3 ¶ 13), and that Mr. Santiago "probabl[y] … exchange[s] beats and musical content" with Mr. Knight, the alleged producer of *Plain Jane*, through "connections and collaborations between the companies they represent, [Roc Nation and SMED]."  *Id.* at 4-5 ¶ 18.

But Plaintiffs' allegation that Mr. Knight "represent[s]" SMED is conclusory, and Plaintiffs fail to identify a single connection or collaboration between Roc Nation and SMED, let alone one that (a) involved Mr. Santiago and Mr. Knight, (b) occurred during the relevant time frame, (c) might reasonably have resulted in Mr. Santiago and Mr. Knight "exchang[ing] beats and musical content," and (d) more specifically, might reasonably have resulted in them exchanging Plaintiffs' allegedly copied beat.  Plaintiffs' theory that Mr. Santiago might have provided the allegedly copied beat to Mr. Knight amounts to "pure speculation," which does not establish a reasonable possibility of access even at the pleading stage.  *Atkinson*, 2022 WL 2899275 at *4; *see, e.g.*, *id.* at *4-*6 (rejecting various theories of access at the pleading stage, including that plaintiff posted works on social media and defendants had access "through common friend contacts and followers"); *Evans*

*v. NBCUniversal Media, LLC*, No. CV 21-0984-CBM-PD(x), 2021 WL 4513639 at *3 (C.D. Cal. Sept. 30, 2021) (allegations that, *e.g.*, plaintiff gave screenplay to defendant who had "extremely close and working relationship" with creator of allegedly infringing work failed to establish reasonable possibility of access); *see also Armour*, 512 F.3d at 155 (granting summary judgment on access where plaintiff alleged to have mailed demo tape to person whom plaintiff claimed was a "good friend" of defendant and with whom defendant had worked on a movie set previously).

Accordingly, Plaintiffs' *Plain Jane* claims fail not only because Plaintiffs' allegations of mere similarity (rather than copying of actual sounds) negate a sound recording copyright infringement claim, but also because Plaintiffs only speculate as to access. For each of these reasons, Plaintiffs' claims in respect of *Plain Jane* should be dismissed.

### (b)   Plaintiffs Also Fail to State a Claim Against SMED Regarding *F.N.F.*

#### (1)   Plaintiffs Do Not Allege That SMED Has Anything to Do With *F.N.F.*

With respect to the other allegedly infringing recording, *F.N.F.*, Plaintiffs fail to allege any facts whatsoever suggesting that SMED had anything to do with that recording, let alone that SMED is liable for copyright infringement. "The Fifth Circuit has explained that a plaintiff's pleading does not comply with Rule 8(a)(2) when the plaintiff fails to allege specific acts of copyright infringement that each defendant committed." *ADR Int'l Ltd. v. Institute for Supply Mgmt. Inc.*, -- F. Supp. 3d --, 2023 WL 2719446 at *4 (S.D. Tex., Mar. 30, 2023) (citing *Taylor v. IBM*, 54 F. App'x 794 (5th Cir. 2002) (per curiam));

*Springboards to Educ., Inc. v. Kipp Found.*, No. 3:16-CV-2436, 2017 WL 3917701 at *4 (N.D. Tex. Sept. 7, 2017) (collecting cases).

While Plaintiffs allege that SMED distributed and promoted *Plain Jane*, they do not include any similar allegations with respect to *F.N.F.  See* FAC at 4-5 ¶¶ 15-17, 20.  And there are no allegations that SMED has any relationship with Hitkidd, GloRilla, or Blac Noize, the parties whom Plaintiffs have alleged are responsible for *F.N.F.  Id.* at 5 ¶ 20.  Indeed, SMED is omitted entirely from the FAC's allegations regarding the purported infringement of "Down South Gangsters" by *F.N.F.  See id.* at 5-6 ¶¶ 19-22.  And, tellingly, Plaintiffs include allegations that apparently distinguish between the defendants they believe are responsible for *Plain Jane*, which include SMED, and those they believe are responsible for *F.N.F.*, which do not include SMED.  *See, e.g.*, *id.* at 7 ¶ 28, 9 ¶ 42.

What remains are Plaintiffs' conclusory and generally pleaded allegations that all named defendants "copied," "distributed," "used," or otherwise infringed Plaintiffs' "copyrighted materials."  *See id.* at 6-8 ¶¶ 26, 27, 30-35; *id.* at 8-9 ¶¶ 39, 41, 43-48; *id.* at 11-12 ¶¶ 52, 54-63.  Those allegations are insufficient to establish a copyright infringement claim against SMED.  *ADR Int'l Ltd.*, 2023 WL 2719446 at *4 (plaintiff's allegations were improperly pleaded against "'[d]efendants' as a group without differentiation of the acts each committed"); *Architettura, Inc. v. DSGN Assocs., Inc.*, No. 3:16-CV-S, 2018 WL 3575878 at *18 (N.D. Tex. July 25, 2018) (allegations that defendants "took, copied, and used the protected works" were insufficient where plaintiff failed to allege a connection between certain defendants and allegedly infringing work).

14

To the extent Plaintiffs even seek to hold SMED liable for infringement with respect to *F.N.F.*—which is unclear—Plaintiffs have now failed *twice* to allege a basis upon which to do so.  And because Plaintiffs' claims with respect to *Plain Jane* are barred as a matter of law, SMED should be dismissed from this action with prejudice.

> **(2)    Plaintiffs Also Fail to Plead That the Creators of *F.N.F.* Had Access to Plaintiffs' Beat**

The requirement that Plaintiffs plead access to their allegedly infringed sound recordings (*see* above at 10-11) also applies with respect to Plaintiffs' *F.N.F.* claims.  Yet, in this regard, Plaintiffs' FAC includes no access allegations whatsoever.  For this additional and independent reason, Plaintiffs' claims in respect of *F.N.F.* are properly dismissed.

## 7.    CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion, dismiss Plaintiffs' claims regarding *Plain Jane* entirely, and dismiss SMED with respect to the remaining claims regarding *F.N.F.*

**DAVIS WRIGHT TREMAINE LLP**

   */s/ Peter Anderson*

Peter Anderson (*pro hac vice*)
***Attorney in Charge***
Eric Lamm (*pro hac vice*)
865 S. Figueroa St., 24th Floor
Los Angeles, CA 90017
213-633-6800 (telephone)
Email:  peteranderson@dwt.com
      ericlamm@dwt.com

**BOWICK DAWSON & LANEY, PLLC**

Robert M. Bowick
Southern District of Texas No. 22946
1800 Augusta Drive, Suite 300
Houston, TX 77057
713-429-8050 (telephone)
Email:  rbowick@bdllawfirm.com

**ATTORNEYS FOR DEFENDANT
SONY MUSIC ENTERTAINMENT DIGITAL LLC**

## **CERTIFICATE OF CONFERENCE**

Defendant Sony Music Entertainment Digital LLC's undersigned counsel certifies on July 20, 2023, the parties conferred and counsel for Plaintiffs indicated that they are opposed to the relief requested in this motion.

*/s/ Peter Anderson*
Peter Anderson

## **CERTIFICATE OF SERVICE**

This is to certify that all counsel of record are being served with a copy of this document via the Court's CM/ECF system on August 11, 2023.

*/s/ Peter Anderson*
Peter Anderson
